980 F.2d 743
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William A. BOLMEIER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3317.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1992.
Rehearing Denied Nov. 9, 1992.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 William A. Bolmeier petitions for review of the February 13, 1992, Merit Systems Protection Board (Board) decision, Docket No. DC04329110627, dismissing as untimely filed his petition for review of the Board's Initial Decision of June 19, 1991. We affirm.
 
 DISCUSSION
 
 2
 On May 24, 1991, the Department of the Treasury removed Bolmeier from his position as Case Controller at the Internal Revenue Service. Bolmeier appealed his removal to the Board on June 13, 1991, but then, on June 17, 1991, voluntarily withdrew his appeal. Consequently, on June 19, 1991, the Administrative Judge (AJ) issued the decision dismissing Bolmeier's appeal based upon his voluntary withdrawal. The AJ informed Bolmeier that the decision would become final on July 24, 1991, 35 days after the decision, unless a petition for review was filed by that date or the Board reopened the case on its own motion.
 
 
 3
 On November 12, 1991, 146 days after the decision, Bolmeier filed a petition for review. The Clerk of the Board informed Bolmeier by letter that the petition was untimely and that he must submit an affidavit or statement, signed under penalty of perjury, stating why there was good cause for the late filing. 5 C.F.R. § 1201.114(d) and (f). In response, Bolmeier submitted a signed statement stating in its entirety: "I swear under the penalty of perjury, the facts set forth concerning waiver of time limit for petition for review are true."
 
 
 4
 On February 13, 1992, the Board determined that Bolmeier's statement offered no explanation for the delay in filing the petition, and thus, Bolmeier failed to establish good cause for the over three month delay. Accordingly, the Board dismissed Bolmeier's appeal.
 
 
 5
 The Board has broad discretion to decide whether to waive the time for appeal. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). This court will not substitute its own judgment for that of the Board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). Bolmeier has not provided any argument to this court to establish how the Board erred. Instead, Bolmeier merely argues the merits of the case, explaining why he believes his removal was improper. However, the merits of Bolmeier's case are not before this court. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986).
 
 
 6
 In the June 19, 1991 decision, the AJ clearly informed Bolmeier that the decision would become final on July 24, 1991, unless he timely filed a petition for review or the Board reopened the case on its own motion. When Bolmeier filed his petition untimely, the Board gave Bolmeier the opportunity to offer an explanation for the late filing, and Bolmeier failed to do so. Bolmeier did not state a single reason why he was untimely in either his petition for review to the Board or in his response to the show cause order.
 
 
 7
 Under the foregoing circumstances, we cannot say that the Board's determination that Bolmeier did not establish good cause for the 111 day delay in filing his petition, was an abuse of discretion.